Martínez, Recurrente, *v.* El Registrador de Mayagüez, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegatoria de inscripción de un contrato de arrendamiento.

No. 508.—Resuelto en febrero 3, 1922.

Documento Auténtico—Inscripción—Ley Hipotecaria.—Un contrato privado en el que una de las partes contratantes es el Administrador General de Correos de los Estados Unidos de América no es un documento auténtico que puede ser inscrito en el registro de la propiedad, según la Ley Hipotecaria y su Reglamento.

Arrendamiento—Documento Público.—Los contratos de arrendamiento de bienes inmuebles por más de seis años deben hacerse constar en documento público.

Contratos Privados—*Affidavits.*—Los contratos privados cuyas firmas están reconocidas ante notario (*affidavit*) no son inscribibles en el regisrto de la propiedad.

Los hechos están expresados en la opinión

Abogado del recurrente: *Sr. J. Sabater.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Presentado en el Registro de la Propiedad de Mayagüez un contrato de arrendamiento para su inscripción el registrador le puso la siguiente nota:

"Devuelto el presente documento sin hacer en él operación alguna por cuanto es un *affidavit* o documento privado, comprensivo de un contrato de arrendamiento, el cual debe ser otorgado en documento público."

Contra esa resolución interpuso Arsenio Martínez, uno de los arrendadores, el presente recurso gubernativo, que podemos resolver porque al devolver el registrador el documento consignó el motivo de su resolución. *Guánica Centrale* v. *Registrador,* 23 D. P. R. 735.

El documento que fué presentado en el registro de la propiedad es el contrato original por el cual Arsenio Martínez y su esposa Rosario B. Martínez ceden en arrendamiento por término de diez años una finca urbana de su propiedad a los Estados Unidos de América, representados por Will H. Hays, Administrador General de Correos de los Estados Unidos, está fechado el 9 de julio de 1921 y a continuación de la firma de Mr. Will H. Hays puesta el primero de agosto de 1921 se encuentran las de los arrendadores y después un certificado de un notario, fechado en Mayagüez el 9 de julio de 1921, creditivo de que ante él comparecieron Arsenio Martínez y su esposa Rosario B. Martínez a quienes conoce como las mismas personas que han celebrado el contrato de arrendamiento que antecede y quienes reconocieron que lo habían firmado, sellado y entregado de su libre y espontánea voluntad para los usos y propósitos en el mismo consignados; y que la esposa Rosario B. Martínez firmante del contrato, en ausencia de su marido, declaró haberlo firmado libre y espontáneamente, sin influencia indebida ni coacción de su consorte.

Ese contrato no es una escritura pública porque no está otorgado ante notario, lo que admite el recurrente, sino el contrato privado celebrado entre las partes con la declaración de una de ellas ante un notario de haberlo firmado de su libre y espontánea voluntad, pero a pesar de ésto alega el recurrente que puede ser presentado en el registro para inscripción por ser un documento auténtico.

El artículo 2 de la Ley Hipotecaria enumera los títulos que pueden ser inscritos en el registro de la propiedad, siendo uno de ellos el contrato de arrendamiento por más de seis años, según su número 5; en el artículo 3, párrafo 1 declara que para que puedan ser inscritos los títulos expresados en el artículo anterior, deberán estar consignados en escritura pública, ejecutoria o documento auténtico, expedido por autoridad judicial, o por el gobierno o sus agentes en la forma que prescriban los reglamentos; y en el artículo 51 de su reglamento dice que se considerarán documentos auténticos para los efectos de la ley los que, sirviendo de títulos al dominio o derecho real, estén expedidos por el gobierno o por autoridad o funcionario competente para darlos, y deban hacer fe por sí solos.

De acuerdo con los anteriores preceptos legales el documento que motiva este recurso no es un documento auténtico porque no está expedido por el gobierno ni por sus agentes. Los documentos auténticos a que se refiere la ley y su reglamento son los que expiden dichos funcionarios con referencia a documentos obrantes en sus oficinas.

Por otra parte, según el artículo 1247 del Código Civil, enmendado por la Ley No. 65 de 7 de marzo de 1912, el contrato de arrendamiento por más de seis años deberá constar en documento público cuando deba perjudicar a tercero.

Siendo, pues, un documento privado con la declaración ante notario de una de las partes contratantes (*affidavit*) el presentado en el registro no era inscribible, según hemos resuelto en los casos de *Sucs. de Andreu & Cía.* v. *Registra-*

*dor,* 20 D. P. R. 424; *Delgado* v. *Registrador,* 22 D. P. R. 126; *Pietri* v. *Registrador,* 22 D. P. R. 732.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.